UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

LAW OFFICES OF MITCHELL CHAMBERS
602 LITTLE GLOUCESTER ROAD
SUITE 5
BLACKWOOD, NJ 08012

Order Filed on April 10, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

GRAIG A. EPSTEIN

Case No.: 24-16956

Hearing Date: 4/8/25

Chapter: 13

Judge: JNP

# ORDER AUTHORIZING
# SALE OF REAL PROPERTY

Recommended Local Form:   ☐ Followed    X Modified

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: April 10, 2025**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as 24 TIROS AVE., SEWELL, NJ 08080, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☐   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

> Name of professional: MARK SCARPA – SELLER – KYLE O'ROURKE - BUYER
>
> Amount to be paid: 3.5% GROSS SALE SELLER AND 3% FOR BUYER
>
> Services rendered: SALE AND GETTING SHORT SALE APPROVED OF 24 TIROS AVE., SEWELL, NJ 08080.

**OR**:  x  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $0.00 claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☒ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions: This Order shall be effective immediately and shall not be subject to the stay otherwise imposed by Bankruptcy Rule 6004(g).

*rev.1/12/22*

3